UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRITTANY ANDRY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-11340** |
| **WERNER ENTERPRISES OF NEBRASKA, ACE AMERICAN INSURANCE COMPANY, AND ABERA DEBELE** | **SECTION: T(2)** |

# ORDER

Before the Court is a Motion for Partial Summary Judgment[1] filed by Werner Enterprises, Inc. ("Werner"). Brittany Andry ("Plaintiff") has filed an opposition.[2] For the following reasons, the motion for partial summary judgment is **GRANTED.**

## FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of an automobile accident that occurred on March 28, 2018. Plaintiff alleges her vehicle was struck by a vehicle owned by Werner Enterprises of Nebraska ("Werner") and operated by Werner's employee Abera Debele ("Debele"). Plaintiff asserts claims against Werner for negligent hiring, training, retention, instruction, and/or supervision of Debele. Plaintiff also alleges that Werner is vicariously liable for Debele's negligence pursuant to the doctrine of *respondeat superior*. Werner has filed a motion for partial summary judgment contending that, because Werner stipulated that Debele was in the course and scope of his employment at the time of the accident, Plaintiff cannot simultaneously pursue *respondeat superior* and direct negligence claims against Werner.

---

[1] R. Doc. 5.
[2] R. Doc. 11.

1

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[4] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[5] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.[6] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[7]

Louisiana law applies to this diversity action.[8] As Plaintiff points out, there is no binding precedent under Louisiana law controlling this issue.[9] "If there is no ruling by the state's highest court on the specific question, the Court must make an *Erie* guess as to how the state's highest court would decide the issue."[10] Several federal courts in Louisiana have recently engaged in making an *Erie* guess on this issue and have held that a plaintiff cannot bring claims against an employer for both vicarious liability and direct negligence when the employer has stipulated that

---

[3] Fed. R. Civ. P. 56(a).
[4] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[5] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[6] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[7] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016).
[8] *Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 675, 681 (5th Cir. 2011).
[9] R. Doc. 11.
[10] *Thomas v. Chambers*, 2019 WL 1670745, at *6 (E.D. La. Apr. 17, 2019).

2

the employee was in the course and scope of his employment at the time of the accident.[11] The Court agrees with this majority position, and Plaintiff has not provided this Court with any reason to reach a different result than other courts that have already considered this issue.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Partial Summary Judgment[12] is **GRANTED,** and Plaintiff's claim for direct negligence against Werner is **DISMISSED WITH PREJUDICE.**

**New Orleans, Louisiana**, on this  27th  day of January, 2020.

                                        **GREG GERARD GUIDRY**
                                        **UNITED STATES DISTRICT JUDGE**

---

[11] *Id; Dennis v. Collins*, 2016 WL 6637973, at *8 (W.D. La. Nov. 9, 2016); *Wright v. Nat'l Interstate Ins. Co.*, 2017 WL 5157537, at *1 (E.D. La. Nov. 7, 2017); *Coffey v. Knight Refrigerated, LLC*, 2019 WL 5684258, at *2 (E.D. La. Nov. 1, 2019).
[12] R. Doc. 5.